JANE GILLETT v. JENNIE C. McFARLAND and C. M. BROWN, Executors of the Estate of SAMUEL McFARLAND, Deceased, Appellants,

STATUTORY ATTORNEY'S FEES: *Executor and Administrator*: Attorney's fees may be allowed against a decedent's estate upon the establishment in the district court, of a claim based upon a promisory note containing the usual provision for attorney's fees where the claim was duly prepared and filed within six months, and not allowed and plaintiff employed an attorney to give the notice and prosecute the claim who filed the required affidavit for attorneys on the day the notice was served and appeared and prosecuted the claim to judgment.

*Appeal from Keokuk District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, OCTOBER 8, 1898.

THIS is a proceeding for the establishment of a claim against an estate. Judgment was rendered establishing the claim in the sum of seven hundred and twenty-five dollars and eleven cents, as a claim of the third class, and ordering the same to be paid. It was also ordered that statutory attorney's fees be taxed in favor of plaintiff's attorney. Defendant's appeal.—*Affirmed.*

*C. M. Brown* for appellants.

*D. T. Stockman* and *T. C. Legoe* for appellee.

PER CURIAM.—No reason appears for questioning the correctness of the judgment in allowing the claim. Appellant's complaint is against the allowance of attorney's fees. The claim was duly prepared and filed within the six months, and the executors having

failed to allow or disallow it, plaintiff served notice as required, and defendants appeared and resisted the claim. The claim not being allowed, plaintiff employed an attorney to give the notice and to prosecute the claim. The attorney filed the required affidavit for attorney's fees on the day the notice was served, and appeared and prosecuted the claim to judgment, and appears in this court. The claim is upon a promissory note containing the usual provision for attorney's fees, and we discover no reason why the fee was not properly allowed.—AFFIRMED.